UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICARDO CARMICHAELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1106 DDN |
| | ) | |
| CITY OF ST. LOUIS POLICE DEPT., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Ricardo Carmichaell for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint and Supplements**

Plaintiff brings this action for monetary relief against defendants City of St. Louis Police Department, City of St. Louis, Missouri, State of Missouri, Jimmie M. Edwards (judge), Chief of Police, and Francis Slay (mayor). Plaintiff alleges that defendants "errored [sic] in an arrest where the statutes [were] not broken," and that he was illegally incarcerated during the period of March 13, 1991 through 2002.

**Discussion**

At the outset, the Court notes that plaintiff's ground for filing this action in Federal Court is the alleged violation of his Fourteenth Amendment rights. As such,

the Court will liberally construe this action as having been brought under 42 U.S.C. § 1983.

To determine the applicable limitations period for § 1983 claims, federal courts borrow state statutes of limitations for general personal injury claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Missouri, the applicable limitations period for general personal injury claims is five years. Mo. Rev. Stat. § 516.120(4) (2000). Plaintiff's claims allegedly took place from 1991 through 2002, and thus, the instant action is untimely, as the complaint was not filed with the Court until June 18, 2010. *See Lohman v. Kempker*, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983).

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that any of the named

defendants were directly involved in or personally responsible for the alleged violation of his constitutional rights. Accordingly, plaintiff's claims are legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because it is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 30th day of June, 2010.

_____
**UNITED STATES DISTRICT JUDGE**